UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JIMMY FLORES,  )
RAPHAEL TORRES, and  )
FRANCISCO JIMINEZ,  )
  )  **05-10019 RWZ**
  )
Plaintiffs,  )
  )  CIVIL ACTION NO.
v.  )
  )  RECEIPT # _____
  )  AMOUNT $ 150.00
WAKEFIELD THERMAL SOLUTIONS,  )  SUMMONS ISSUED N/A
INC., d/b/a WAKEFIELD ENGINEERING,  )  LOCAL RULE 4.1 ✓
  )  WAIVER FORM ✓
Defendant.  )  MCF ISSUED ✓
     BY DPTY. CLK. M.P.
**NOTICE OF REMOVAL**     DATE 1/5/05

To:  The Honorable Judge of the
     United States District Court      MAGISTRATE JUDGE _____
     District of Massachusetts

The defendant, Wakefield Thermal Solutions, Inc. d/b/a Wakefield Engineering ("Wakefield"), by its attorneys, files this Notice of Removal in accordance with 28 U.S.C. §§ 1441 and 1446 and requests that this action be removed from the Superior Court of Suffolk County, Trial Court Department, to this Court. As reasons for removal, Wakefield states as follows:

1. Wakefield is the defendant in the civil action brought in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, Civil Action No. 04-5255, entitled <u>Jimmy Flores, Raphael Torres, and Francisco Jiminez v. Wakefield Thermal Solutions, Inc., d/b/a Wakefield Engineering</u>. The Complaint was served on Wakefield on December 10, 2004, which was when Wakefield first received notice of the Complaint. Copies of all process, pleadings, and orders served upon or by Wakefield in the state court action are attached hereto as Exhibits A through E.

2. The above-described action is one for which this Court has jurisdiction under 28 U.S.C. § 1332 and is removable under the provisions of 28 U.S.C. § 1441(a) and (b), in that there is complete diversity between the plaintiffs and the defendant and the amount in controversy exceeds $75,000. (See Plaintiffs' Suffolk County Superior Court Civil Action Cover Sheets (Exs. B-D)).

3. On information and belief and based on the allegations of the Complaint, the plaintiffs, Jimmy Flores, Raphael Torres, and Francisco Jiminez were, at the time this action was commenced and today, citizens of Massachusetts. (See Complaint (Ex. A) ¶¶ 1-3).

4. Wakefield was, at the time this action was commenced, and still is, a corporation incorporated under the laws of the state of Delaware and has a principal place of business in Pelham, New Hampshire.

5. Suffolk County, Massachusetts, the place where the pending action was originally filed, is within the geographic boundaries of the United States District Court for the District of Massachusetts. See 28 U.S.C. § 101.

6. Pursuant to Local Rule 81.1(a), Wakefield shall request from the Clerk of the Suffolk County Superior Court certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein and shall file the same with this Court within thirty days after filing of this Notice.

7. Pursuant to 28 U.S.C. § 1446(d), Wakefield shall give written notice of this removal to the plaintiffs and shall file a copy of this notice with the Clerk of the Suffolk County Superior Court which shall effect the removal and the state court shall proceed no further unless and until the case is remanded.

WHEREFORE, Wakefield Thermal Solutions, Inc. d/b/a Wakefield Engineering prays that the above action now pending in the Suffolk Superior Court for the Commonwealth of Massachusetts be removed therefrom to this Court.

Respectfully submitted,
Wakefield Thermal Solutions, Inc., d/b/a
Wakefield Engineering,
By its Attorneys,

_____
Christopher A. Kenney (BBO # 556511)
Matthew C. Moschella (BBO #653885)
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

Dated: January 5, 2005

## CERTIFICATE OF SERVICE

I certify that on this date I served a true copy of this document upon all attorneys of record by hand/mail.

Dated: 1/5/05          _____

{00047475.DOC /}

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.  SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

JIMMY FLORES
RAPHAEL TORRES AND
FRANCISCO JIMINEZ
    Plaintiffs

V.

WAKEFIELD THERMAL SOLUTIONS, INC
d/b/a WAKEFIELD ENGINEERING
    Defendant

## COMPLAINT
### JURY TRIAL DEMANDED

1. The plaintiff Jimmy Flores resides in Lawrence, Massachusetts, County of Essex.

2. The plaintiff Raphael Torres resides in Lawrence, Massachusetts, County of Essex.

3. The plaintiff Francisco Jiminez resides in Lawrence, Massachusetts, County of Essex.

4. The defendant Wakefield Thermal Solutions, Inc. is a duly organized and existing Delaware corporation which at all times material hereto has done business under the name Wakefield Engineering, in Massachusetts and in New Hampshire and has as it resident agent in the Commonwealth of Massachusetts, Corporation Service Company, 84 State Street, Boston, Massachusetts, County of Suffolk.

**COUNT I:  CLAIM OF JIMMY FLORES**

1. The plaintiff was employed by the defendant from 11-7-1994 until 11-5-2002.

2. On or about August 7, 2001, a temporary worker at the defendant's production facility, one Felix Sencion, received serious injuries as a result of improper maintenance of equipment, improper training or workers and the failure to comply with the rules and regulations of the Occupational Safety Health Administration of the United States Department of Labor.

3. The said Felix Sencion, filed suit against the defendant in Essex Superior Court on or about to recover damages for his injuries as a result of the defendant's improper maintenance of equipment, improper training or workers and the failure to comply with the rules and regulations of the Occupational Safety Health Administration of the United States Department of Labor.

4. The plaintiff herein was compelled to attend a deposition on October 3, 2002 and testify in the action of Felix Sencion against the defendant and to testify truthfully as to his knowledge of the plaintiff's accident and the circumstances surrounding same.

5. On November 5, 2002 the plaintiff was notified by the defendant that he no longer had a job with the defendant.

6. The plaintiff says that his termination from employment with the defendant was motivated by the plaintiff's testifying truthfully at his deposition to the facts and circumstances that related to the defendant's improper maintenance of equipment, improper training or workers and the failure to comply with the rules and regulations of the Occupational Safety Health Administration of the United States Department of Labor.

7. The plaintiff says that the aforesaid conduct on the part of the defendant herein was extreme and outrageous conduct, beyond all possible bounds of decency which the defendant knew or should have known was likely to result in the plaintiff's suffering severe emotional distress and in fact resulted in the plaintiff's suffering severe emotional distress.

8. As a result of the defendant's conduct and breach of contract, the plaintiff has been deprived of agreed upon earnings and other benefits including but not limited to the defendant's contributions to Social Security, and will be so deprived for the remainder of the plaintiff's working life expectancy and has suffered severe emotional distress.

**COUNT II:   CLAIM OF RAPHAEL TORRES**

1. The plaintiff was employed by the defendant from 9-13-1999 until 11-8-2002.

2. On or about August 7, 2001, a temporary worker at the defendant's production facility, one Felix Sencion, received serious injuries as a result of improper maintenance of equipment, improper training or workers and the failure to comply with the rules and regulations of the Occupational Safety Health Administration of the United States Department of Labor.

3. The said Felix Sencion, filed suit against the defendant in Essex Superior Court on or about to recover damages for his injuries as a result of the defendant's improper maintenance of equipment, improper training or workers and the failure to comply with the rules and regulations of the Occupational Safety Health Administration of the United States Department of Labor.

4. The plaintiff herein was compelled to attend a deposition on October 3, 2002 and testify in the action of Felix Sencion against the defendant and to testify truthfully as to his knowledge of the plaintiff's accident and the circumstances surrounding same.

5. On November 8, 2002 the plaintiff was notified by the defendant that he no longer had a job with the defendant.

6. The plaintiff says that his termination from employment with the defendant was motivated by the plaintiff's testifying truthfully at his deposition to the facts and circumstances that related to the defendant's improper maintenance of equipment, improper training or workers and the failure to comply with the rules and regulations of the Occupational Safety Health Administration of the United States Department of Labor.

7. The plaintiff says that the aforesaid conduct on the part of the defendant herein was extreme and outrageous conduct, beyond all possible bounds of decency which the defendant knew or should have known was likely to result in the plaintiff's suffering severe emotional distress and in fact resulted in the plaintiff's suffering severe emotional distress.

8. As a result of the defendant's conduct and breach of contract, the plaintiff has been deprived of agreed upon earnings and other benefits including but not limited to the defendant's contributions to Social Security, and will be so deprived for the remainder of the plaintiff's working life expectancy and has suffered severe emotional distress.

## COUNT III: CLAIM OF FRANCISCO JIMINEZ

1. The plaintiff was employed by the defendant from 9-12-1994 until 2-21-2003.

2. On or about August 7, 2001, a temporary worker at the defendant's production facility, one Felix Sencion, received serious injuries as a result of improper maintenance of equipment, improper training or workers and the failure to comply with the rules and regulations of the Occupational Safety Health Administration of the United States Department of Labor.

3. The said Felix Sencion, filed suit against the defendant in Essex Superior Court on or about to recover damages for his injuries as a result of the defendant's improper maintenance of equipment, improper training or workers and the failure to comply with the rules and regulations of the Occupational Safety Health Administration of the United States Department of Labor.

4. The plaintiff herein was compelled to attend a deposition on December 12, 2002 and testify in the action of Felix Sencion against the defendant and to testify truthfully as to his knowledge of the plaintiff's accident and the circumstances surrounding same.

5. On February 21, 2003 the plaintiff was notified by the defendant that he no longer had a job with the defendant.

6. The plaintiff says that his termination from employment with the defendant was motivated by the plaintiff's testifying truthfully at his deposition to the facts and circumstances that related to the defendant's improper maintenance of equipment, improper training or workers and the failure to comply with the rules and regulations of the Occupational Safety Health Administration of the United States Department of Labor.

7. The plaintiff says that the aforesaid conduct on the part of the defendant herein was extreme and outrageous conduct, beyond all possible bounds of decency which the

defendant knew or should have known was likely to result in the plaintiff's suffering severe emotional distress and in fact resulted in the plaintiff's suffering severe emotional distress.

8. As a result of the defendant's conduct and breach of contract, the plaintiff has been deprived of agreed upon earnings and other benefits including but not limited to the defendant's contributions to Social Security, and will be so deprived for the remainder of the plaintiff's working life expectancy and has suffered severe emotional distress.

WHEREFORE, the plaintiffs demand a trial by jury and judgment and damages of the defendant plus interest and costs.

By their attorney,

Chester L. Tennyson, Jr.
49 Pleasant Street
Weymouth, Ma. 02190
(781) 340-1200
BBO# 494620

Dated: November 30, 2004

|  CIVIL ACTION COVER SHEET  | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: |

**PLAINTIFF(S)**
Francisco Jimenez

**DEFENDANT(S)**
Wakefield Thermal Solutions, Inc. dba Wakefield Engineering

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Chester L. Tennyson, Jr.
49 Pleasant St., Weymouth, MA 02190
(781) 340-1200
Board of Bar Overseers number: 494620

**ATTORNEY** (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from Judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Breach of Employment Contract | ( F ) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ... $......
2. Total Doctor expenses ... $......
3. Total chiropractic expenses ... $......
4. Total physical therapy expenses ... $......
5. Total other expenses (describe) ... $......
   Subtotal $......
B. Documented lost wages and compensation to date ... $74,005.00
C. Documented property damages to date ... $......
D. Reasonably anticipated future medical and hospital expenses ... $......
E. Reasonably anticipated lost wages ... $......
F. Other documented items of damages (describe) ... $1,347,060.0
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   $......

TOTAL $1,421,065.0

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
The defendant fired the plaintiff after testifying concerning the unsafe work practices of the defendant.

TOTAL $1,421,065.0

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules of Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 1/20/07

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|
| PLAINTIFF(S) Raphael Torres | | DEFENDANT(S) Wakefield Thermal Solutions, INc. dba Wakefield Engineering |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Chester L. Tennyson, Jr. 49 Pleasant St., Weymouth, MA 02190 (781) 340-1200 Board of Bar Overseers number:   494620 | | ATTORNEY (If known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Breach of Employment Contract | ( F ) | (x) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $.........
2. Total Doctor expenses .................................................. $.........
3. Total chiropractic expenses ............................................ $.........
4. Total physical therapy expenses ........................................ $.........
5. Total other expenses (describe) ........................................ $.........
   Subtotal $.........
B. Documented lost wages and compensation to date ........................... $67,858.00
C. Documented property damages to date ...................................... $.........
D. Reasonably anticipated future medical and hospital expenses .............. $.........
E. Reasonably anticipated lost wages ........................................ $708,635.00
F. Other documented items of damages (describe)
   $.........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$.........
TOTAL $776,493.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
The defendant fired the plaintiff after testifying concerning the unsafe work practices of the defendant.

TOTAL $776,493.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: _____

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County:____ |
|---|---|---|
| **PLAINTIFF(S)** Jimmy Flores | | **DEFENDANT(S)** Wakefield Thermal Solutions, Inc. dba Wakefield Engineering |
| **ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** Chester L. Tennyson, Jr. 49 Pleasant St., Weymouth, MA 02190 (781) 340-1200 Board of Bar Overseers number: 494620 | | **ATTORNEY** (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Breach of Employment Contract | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ........................................... $ .........
 2. Total Doctor expenses ............................................ $ .........
 3. Total chiropractic expenses ...................................... $ .........
 4. Total physical therapy expenses .................................. $ .........
 5. Total other expenses (describe) .................................. $ .........
     Subtotal $ .........
B. Documented lost wages and compensation to date ........................ $ 61,442.00
C. Documented property damages to date .................................. $ .........
D. Reasonably anticipated future medical and hospital expenses ........... $ .........
E. Reasonably anticipated lost wages .................................... $ 553,383.00
F. Other documented items of damages (describe)
     $ .........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

     $ .........
     TOTAL $ 614,825.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
The defendant fired the plaintiff after testifying concerning the unsafe work practices of the defendant.

TOTAL $ 614,825.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: _____

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-5255

Jimmy Flores, et. al. , Plaintiff(s)

v.

Wakefield Thermal Solutions, Inc.
dba Wakefield Engineering , Defendant(s)

## SUMMONS

To the above-named Defendant: Wakefield Thermal Solutions, Inc. d/b/a Wakefield Engineering of 33 Bridge Street, P.O. Box 1000, Pelham, NH 003076

You are hereby summoned and required to serve upon Chester L. Tennyson plaintiff's attorney, whose address is 49 Plesant Street, Weymouth, MA 02190 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the 7th day of December , in the year of our Lord two thousand four .

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jimmy Flores, et al

**DEFENDANTS**
Wakefield Thermal Solutions, Inc. d/b/a Wakefield Engineering

(b) County of Residence of First Listed Plaintiff: Essex, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Chester L. Tennyson, Jr., 49 Pleasant Street, Weymouth, MA 02190, 781-340-1200

Attorneys (If Known): Christopher A. Kenney, Matthew C. Moschella, Sherin and Lodgen LLP, 101 Federal Street, Boston, MA 02110, 617-646-2000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) |
| ☐ 210 Land Condemnation | ☒ 442 Employment | Habeas Corpus: | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 862 Black Lung (923) |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 864 SSID Title XVI |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 865 RSI (405(g)) |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 891 Agricultural Acts |
| | | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act |
| | | | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 894 Energy Allocation Act |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332

Brief description of cause:
Retaliatory discharge, breach of employment contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 2,812,383.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE None   DOCKET NUMBER None

DATE 1/5/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Jimmy Flores, et al v. Wakefield Thermal Solutions, Inc. d/b/a Wakefield Engineering__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☒ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   05-10019RWZ

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   Not Applicable   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Matthew C. Moschella__
ADDRESS __Sherin and Lodgen LLP, 101 Federal Street, Boston, MA 02110__
TELEPHONE NO. __617-646-2000__

(Coversheetlocal.wpd - 10/17/02)