UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
JIMMY FLORES,                              )
RAPHAEL TORRES, and                        )
FRANCISCO JIMINEZ,                         )
                                           )
    Plaintiffs,                            )
                                           )
v.                                         )    CIVIL ACTION NO.
                                           )    05-10019-RWZ
                                           )
WAKEFIELD THERMAL SOLUTIONS,               )
INC., d/b/a WAKEFIELD ENGINEERING,         )
                                           )
    Defendant.                             )
_____)

## DEFENDANT'S ANSWER AND JURY DEMAND

    Defendant, Wakefield Thermal Solutions, Inc. d/b/a Wakefield Engineering ("Wakefield"), hereby answers the numbered paragraphs of the plaintiffs, Jimmy Flores', Raphael Torres', and Francisco Jiminez's (collectively "plaintiffs") Complaint as follows:

    1.    Wakefield states that it is without information or knowledge sufficient to affirm or deny the allegations of Paragraph 1 of the Complaint.

    2.    Wakefield states that it is without information or knowledge sufficient to affirm or deny the allegations of Paragraph 2 of the Complaint.

    3.    Wakefield states that it is without information or knowledge sufficient to affirm or deny the allegations of Paragraph 3 of the Complaint.

    4.    Wakefield admits the allegations of Paragraph 4 of the Complaint.

## COUNT I
### (Claim of Jimmy Flores)

Wakefield repeats and restates its responses to the allegations contained in Paragraphs 1 through 4 above as if fully set forth herein.

1. Wakefield admits that plaintiff Jimmy Flores ("Flores") began working for Wakefield on November 7, 1994 but denies that it discharged Flores on November 5, 2002. Wakefield discharged Flores on November 4, 2002.

2. Wakefield admits that on or about August 7, 2001, a temporary worker at Wakefield's production facility named Felix Sencion ("Sencion") claims he was injured while working at Wakefield's facility. In further responding, Wakefield denies the remaining allegations contained in Paragraph 2 of Flores' claim.

3. Wakefield admits that Sencion filed suit against Wakefield in Essex Superior Court to recover damages for injuries he allegedly sustained while working at Wakefield's facility. The remainder of Paragraph 3 contains Flores' characterization of Sencion's claim, to which no response is required.

4. Wakefield admits that Flores attended a deposition on or about October 3, 2002.

5. Wakefield denies that it discharged Flores on November 5, 2002. The correct date on which Wakefield discharged Flores was November 4, 2002.

6. Paragraph 6 of Flores' claim consists solely of Flores' characterization of his claim and, accordingly, no response is required. To the extent a response is required, Wakefield denies the allegations of Paragraph 6 and further denies any and all liability.

7. Paragraph 7 of Flores' claim consists solely of Flores' characterization of his claim and, accordingly, no response is required. To the extent a response is required, Wakefield denies the allegations of Paragraph 7 and further denies any and all liability.

{00047479.DOC /}

8. Wakefield denies the allegations of Paragraph 8 of Flores' claim. Wakefield specifically denies that any contract existed between Wakefield and Flores. In further responding, Wakefield states that Paragraph 8 consists of conclusions of law to which no response is required. To the extent a response is required, Wakefield denies all liability and denies that Flores is entitled to any relief.

## COUNT II
### (Claim of Raphael Torres)

Wakefield repeats and restates its responses to the allegations contained in Paragraphs 1-4 and Count I Paragraphs 1 through 8 above as if fully set forth herein.

1. Wakefield admits that plaintiff Raphael Torres ("Torres") started working for Wakefield on September 13, 1999 but denies that it discharged Torres on November 8, 2002. Wakefield discharged Torres on November 7, 2002.

2. Wakefield admits that on or about August 7, 2001, a temporary worker at Wakefield's production facility named Felix Sencion claims he was injured while working at Wakefield's facility. In further responding, Wakefield denies the remaining allegations contained in Paragraph 2 of Torres' claim.

3. Wakefield admits that Sencion filed suit against Wakefield in Essex Superior Court to recover damages for injuries he allegedly sustained while working at Wakefield's facility. The remainder of Paragraph 3 contains Torres' characterization of Sencion's claim, to which no response is required.

4. Wakefield admits that Torres attended a deposition on or about October 3, 2002.

5. Wakefield denies that Torres was notified that he no longer had a job on November 8, 2002. Wakefield discharged Torres on November 7, 2002.

6.   Paragraph 6 of Torres' claim consists solely of Torres' characterization of his claim and, accordingly, no response is required. To the extent a response is required, Wakefield denies the allegations of Paragraph 6 and further denies any and all liability.

7.   Paragraph 7 of Torres' claim consists solely of Torres' characterization of his claim and, accordingly, no response is required. To the extent a response is required, Wakefield denies the allegations of Paragraph 7 and further denies any and all liability.

8.   Wakefield denies the allegations of Paragraph 8 of Torres' claim. Wakefield specifically denies that any contract existed between Wakefield and Torres. In further responding, Wakefield states that Paragraph 8 consists of conclusions of law to which no response is required. To the extent a response is required, Wakefield denies all liability and denies that Torres is entitled to any relief.

## COUNT III
### (Claim of Francisco Jiminez)

Wakefield repeats and restates its responses to the allegations contained in Paragraph 1-4, Count I Paragraphs 1 through 8, and Count II Paragraphs 1 through 8 above as if fully set forth herein.

1.   Wakefield admits that it employed plaintiff Francisco Jiminez ("Jiminez") from September 12, 1994 until February 21, 2003.

2.   Wakefield admits that on or about August 7, 2001, a temporary worker at Wakefield's production facility named Felix Sencion claims he was injured while working at Wakefield's facility. In further responding, Wakefield denies the remaining allegations contained in Paragraph 2 of Jiminez's claim.

3.   Wakefield admits that Sencion filed suit against Wakefield in Essex Superior Court to recover damages for injuries he allegedly sustained while working at Wakefield's

{00047479.DOC /}

4

facility. The remainder of Paragraph 3 contains Jiminez's characterization of Sencion's claim, to which no response is required.

4.  Wakefield admits that Jiminez attended a deposition on or about December 12, 2002.

5.  Wakefield admits that Jiminez was notified that he no longer had a job with Wakefield on February 21, 2003.

6.  Paragraph 6 of Jiminez's claim consists solely of Jiminez's characterization of his claim and, accordingly, no response is required. To the extent a response is required, Wakefield denies the allegations of Paragraph 6 and further denies any and all liability.

7.  Paragraph 7 of Jiminez's claim consists solely of Jiminez's characterization of his claim and, accordingly, no response is required. To the extent a response is required, Wakefield denies the allegations of Paragraph 7 and further denies any and all liability.

8.  Wakefield denies the allegations of Paragraph 8 of Jiminez's claim. Wakefield specifically denies that any contract existed between Wakefield and Jiminez. In further responding, Wakefield states that Paragraph 8 consists of conclusions of law to which no response is required. To the extent a response is required, Wakefield denies all liability and denies that Jiminez is entitled to any relief.

## First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

The plaintiffs' Complaint is barred in whole or in part by the applicable statutes of limitation and repose.

### Third Affirmative Defense

The plaintiffs have waived any right to enforce any alleged contract with Wakefield.

### Fourth Affirmative Defense

The plaintiffs are estopped by their conduct from enforcing any alleged contract with Wakefield.

### Fifth Affirmative Defense

The plaintiffs' Complaint is barred, in whole or in part, by the Statute of Frauds.

### Sixth Affirmative Defense

The plaintiffs' Complaint is barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

The plaintiffs' Complaint is barred by the doctrine of laches.

### Eighth Affirmative Defense

The plaintiffs' Complaint is barred by failure of consideration.

### Ninth Affirmative Defense

The plaintiffs' failure to perform a condition precedent bars enforcement of any alleged contract.

### Tenth Affirmative Defense

The plaintiffs' damages, if any, were caused by acts or conduct on the part of others for whom Wakefield is not responsible.

### Eleventh Affirmative Defense

Wakefield discharged the plaintiffs for legitimate, non-retaliatory reasons.

### Twelfth Affirmative Defense

The plaintiffs were employees at will with no contractual rights vis-à-vis their employment with Wakefield.

### Thirteenth Affirmative Defense

Wakefield reserves the right to add such other and further defenses as become apparent during the course of discovery.

**WHEREFORE**, defendant Wakefield Thermal Solutions, Inc. d/b/a Wakefield Engineering requests that the Court:

1. Dismiss the plaintiffs' Complaint in its entirety;

2. Award Wakefield its costs and fees; and

3. Award any other relief the Court deems just and proper.

**WAKEFIELD DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
Wakefield Thermal Solutions, Inc., d/b/a
Wakefield Engineering,
By its Attorneys,

/s/ Matthew C. Moschella
Christopher A. Kenney (BBO # 556511)
Matthew C. Moschella (BBO #653885)
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

Dated: January 11, 2005

{00047479.DOC /}

## CERTIFICATE OF SERVICE

     I certify that on this date I served a true copy of this document upon all attorneys of record by hand/mail.

Dated: January 11, 2005                      /s/ Matthew C. Moschella